UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARK DANIEL CABAGUA,

                Plaintiff,

v.                                    Case No. 24-cv-22-pp

JULIE LUDWIG, *et al.*,

                Defendants.

---

**ORDER DENYING PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTION (DKT. NO. 1), DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT (DKT. NO. 12), DISMISSING DEFENDANT MARK DOMROIS (DKT. NO. 18), DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT (DKT. NO. 25), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT (DKT. NO. 28) AND DENYING PLAINTIFF'S MOTION FOR CERTIFCATION OF CLASS ACTION (DKT. NO. 37)**

---

Plaintiff Mark Daniel Cabagua, who is incarcerated at Oshkosh Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. The court screened the complaint and allowed the plaintiff to proceed on Eighth Amendment claims against defendants Vachet, Smith, Domrois, Kinziger, Linneman and Kleuss based on allegations that they delayed in treating, and/or have not treated, the plaintiff's serious dental needs. Dkt. No. 11 at 11. The court also allowed the plaintiff to proceed against defendants Ludwig, Pelky, Hollander and Panos based on allegations that they knew about the delay in treatment, or lack of treatment, of his painful dental issues and did not address the issue. Id. This order addresses the plaintiff's request for preliminary injunction, dkt. no. 1, the plaintiff's motion to alter or amend judgment, dkt. no. 12, the defendants' suggestion of death as to defendant

1

Mark Domrois, dkt. no. 18, the plaintiff's motion for entry of default, dkt. no. 25, the plaintiff's motion for leave to file amended complaint, dkt. no. 28, and the plaintiff's motion for certification of class action, dkt. no. 37.

**I.     Plaintiff's Request for Preliminary Injunction (Dkt. No. 1)**

The complaint alleges that the plaintiff has not been seen for his serious dental needs. The plaintiff seeks a preliminary injunction, and he states that he can demonstrate at trial that the continued use of DAI Policy 500.40.21 poses a substantial risk of serious harm to incarcerated individuals. Dkt. No. 1 at 13. He states that if the court denies his request for a preliminary injunction, he will suffer irreparable harm in the form of continued delay and loss of more teeth which will result in unnecessary pain and suffering. Id. The plaintiff asks the court to order the Department of Corrections (DOC) "to provide dental care that assures prompt diagnosis and treatment for [his] serious dental needs; provide care that assures that follow-up care is provided without delay, and to take prompt steps to eliminate backlogs in treatment for [the plaintiff] and others similarly situated." Id. at 14. He also asks the court to order that Oshkosh immediately provide care for him from an outside dentist under "Rule 35" because he is in pain and discomfort from his front tooth and three other teeth. Id. At screening, the court ordered the defendants to respond to the plaintiff's motion for preliminary injunction. Dkt. No. 11 at 15.

The State Defendants (Ludwig, Smith, Kinzinger, Linneman, Kluess, Pelky, Hollander and Panos) respond that the court should deny the plaintiff's motion for preliminary injunction because he cannot show that he is likely to succeed on the merits or that he will suffer irreparable harm. Dkt. No. 21 at 1. According to the State Defendants, the plaintiff's dental records show that he

2

has had multiple dental appointments since 2021, has received extensive treatment and all his dental complaints have been addressed. Id.

The plaintiff filed a reply in which he reiterates portions of his allegations from the complaint. Dkt. No. 29. He contends that the defendants have violated his constitutional rights and that DAI policy is unconstitutional. Id. at 9. The plaintiff also describes some of the dental care he has received in the last few years and why he believes it was inadequate. Id. at 6-7. He asks the court to order Oshkosh to send him for treatment from an outside dentist to fix his tooth #3 and four other teeth that need to fixed. Id. at 9. The plaintiff also asks the court to send this case to mediation. Id. at 10.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). The purpose of such an injunction is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." Fahenm-El v. Klincar, 841 F.2d 712, 717 (7th Cir. 1988). To obtain a preliminary injunction, the plaintiff has the burden of establishing that (1) he is likely to succeed on the merits of his claim; (2) he has no adequate remedy at law; and (3) he is likely to suffer irreparable harm without the injunction. Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dep't of Health, 699 F.3d 962, 972 (7th Cir. 2012), citing Am. Civil Liberties Union of Ill. v. Alvarez, 679 F.3d 583, 589-90 (7th Cir. 2012).

Because the plaintiff is incarcerated, the scope of the court's authority to issue an injunction is circumscribed by the Prison Litigation Reform Act ("PLRA"). Westefer v. Neal, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than

necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2); see also Westefer, 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prisons officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted).

Contrary to the allegations in the complaint, the plaintiff's dental records show that he has had multiple dental appointments and undergone treatment since 2021. During numerous appointments since 2021, dentists have identified problems with eight of the plaintiff's teeth—#3, #9, #11, #12, #21, #27, #28, and #31. Dkt. No. 21 at 7; Dkt. No. 22 at ¶¶24-54. Of these eight, seven have been either restored or extracted. Dkt. No. 21 at 7. The plaintiff also has received pain medication throughout that time. Id. The sole treatment remaining is the extraction of tooth #3, which at least two dentists have recommended; the plaintiff refused extraction of that tooth. Id. No issues diagnosed by a dentist remain outstanding other than the extraction of tooth #3, which, again, the plaintiff refuses to permit. Id. at 7-8.

The defendants have established that the plaintiff has received ongoing treatment for his dental issues. The plaintiff's disagreement with the treatment he has received does not amount to a constitutional violation. See Berry v. Peterman, 604 F.3d 435, 441 (7th Cir. 2010) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The plaintiff has not shown a likelihood of success on the merits, nor has he shown that he will suffer irreparable harm if the court does not grant him injunctive relief. The court will deny the plaintiff's request for a preliminary injunction.

4

**II.   Plaintiff's Motion to Alter or Amend Judgment (Dkt. No. 12)**

The plaintiff has filed a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), in which he contends that the court erred when it dismissed former defendants Cheryl Eplett and Kevin Carr at screening. Dkt. No. 12 at 1. The plaintiff contends that Eplett, as Warden of Oshkosh, and Carr, as Secretary of the Department of Corrections, are responsible for enacting an unconstitutional policy regarding dental care. Id. at 3. He also contends that they were aware of the dental delays that caused the plaintiff prolonged pain and suffering. Id. at 4-5.

Rule 59(e) is not applicable because the court has not entered judgment. The court will consider the plaintiff's motion as brought under Federal Rule of Civil Procedure 54(b), which has a similar standard. Rule 54(b) states that non-final orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); Galvan v. Norberg, 678 F.3d 581, 587 n.3 (7th Cir. 2012). "The 'standard courts apply in reconsidering their decisions is generally the same under both Rule 59(e) and Rule 54(b).'" Cheese Depot, Inc. v. Sirob Imports, Inc., Case No. 14 C 1727, 2019 WL 1505399 at *1 (N.D. Ill. Apr. 5, 2019) (quoting Morningware, Inc. v. Hearthware Home Prods., Inc., Case No. 09 C 4348, 2011 WL 1376920, at *2 (N.D. Ill. Apr. 12, 2011)).

In federal civil litigation, motions for reconsideration serve a very limited purpose: "to correct manifest errors of law or fact or to present newly discovered evidence." Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987) (quoting Keene Corp. v. Int'l Fidelity Ins. Co., 561 F. Supp. 656, 665-66 (N.D. Ill. 1976), aff'd 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the

5

'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "Such motions are disfavored and should be 'rare.'" Acantha LLC v. DePuy Orthopaedics Inc., Case No. 15-C-1257, 2018 WL 2290715, at *1 (E.D. Wis. May 19, 2018) (quoting Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990)).

In its screening order, the court recounted the plaintiff's allegations against Eplett and Carr in the context of an inmate complaint the plaintiff had submitted in 2023 in which he alleged he received inadequate dental care. Dkt. No. 11 at 8. The Office of the Secretary of the DOC, Cindy O'Donnell, affirmed the plaintiff's appeal of the dismissal of his inmate complaint and found that the plaintiff "had not been seen timely for restorative treatment in accordance with policy." Id. at 8-9. In the complaint, the plaintiff interpreted O'Donnell's statement to mean that his delay in care complied with DOC policy and therefore that the policy was unconstitutional. Id. at 12 n.1. The plaintiff alleged that Eplett and Carr were "liable for adopting an unconstitutional policy, and liable for failing to ensure that the prison had adequate staffing and resources to address [the plaintiff's] dental needs." Id. at 9. According to the plaintiff, Eplett and Carr were aware that the policy was being violated when the plaintiff sent a formal letter on May 31, 2023. Id.

As the court explained in the screening order, O'Donnell was not stating that the delay complied with DAI policy; she was stating that that the DAI policy was *violated* because the plaintiff was not seen within the time constraints set in that policy. Id. at 12 n.1. The court did not allow the plaintiff to proceed against Eplett and Carr because

6

> [t]he plaintiff's allegations that DAI Policy 500.40.21 violates his constitutional rights do not state a claim. He appears to mistakenly believe that the policy allowed for the delays described in the complaint. As explained in note 1 above, Cindy O'Donnell's decision on the plaintiff's appeal shows that the delays did not comport with the DAI policy, so the plaintiff has not stated a claim against defendants Eplett and Carr, whom he alleges were responsible for "adopting an unconstitutional policy[.]" Dkt. No. 1 at 22. The court will dismiss Eplett and Carr.

Dkt. No. 11 at 12.

In his motion to alter to amend judgment, the plaintiff continues to assert that the DAI policy was unconstitutional, and that Eplett and Carr are responsible for implementing the policy. The plaintiff's interpretation of O'Donnell's decision is incorrect. The plaintiff has not shown that the court's conclusion that he fails to state a claim against Eplett and Carr is erroneous. The court will deny the plaintiff's motion to alter or amend judgment.

**III. Defendants' Suggestion of Death as to Mark Domrois (Dkt. No. 18)**

The State Defendants have filed a statement noting the death of defendant Mark Domrois, in which they state that his death occurred on October 23, 2020. Dkt. No. 18.[1] The plaintiff filed this lawsuit on January 5, 2024. Because Domrois died before this lawsuit began, he never was a proper defendant, so substitution under Federal Rule of Civil Procedure 25(a) would be inappropriate. See Earl v. Briggs, Case No. 23-cv-1679-pp, 2024 WL 2134274, at *1 (E.D. Wis. May 13, 2024); see also Macklin v. Serrano, Case No. 19-cv-583, 2020 WL 6323079, at *2 (E.D. Wis. Oct. 28, 2020) (citing Schlumberger

---

[1] https://www.pkfuneralhomes.com/obituaries/Mark-D-Domrois?obId=18744755. The court takes judicial notice of Domrois's date of death, as reflected in the cited obituary. See Papasan v. Allain, 478 U.S. 265, 268 n. 1 (1986) (judicial notice of public records); see also Parungoa v. Cmty. Health Sys., Inc., 858 F.3d 452, 457 (7th Cir. 2017) ("Courts may take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned.").

7

v. Osborne, Case No. 16-cv-78, 2019 WL 927322, at *3 (D. Minn. Feb. 26, 2019) ("As a general rule, the substitution of parties consistent with Rule 25(a)(1) cannot be ordered 'where the person for whom the substitution is sought died prior to being named a party.'"). The court will dismiss defendant Domrois.

### IV.   Plaintiff's Motion for Entry of Default (Dkt. No. 25)

On June 25, 2024, the plaintiff filed a motion for entry of default as to defendant Eunice Vachet; he asserts that Vachet failed to respond to the plaintiff's motion for preliminary injunction, failed to accept service and failed to respond to the complaint. Dkt. No. 25 at 1-2. But defendant Vachet, who is unrepresented, was not served with the complaint until July 19, 2024. Dkt. No. 31. On August 22, 2024, Vachet filed a responsive pleading to the complaint in which she denies the plaintiff's allegations against her. Dkt. No. 32. The court construes Vachet's filing as an answer to the complaint. Vachet was not in default when the plaintiff filed his motion because she had not at that time been served with the complaint. The court will deny the plaintiff's motion for entry of default against defendant Vachtet.

### V.   Plaintiff's Motion to Amend Complaint (Dkt. No. 28)

The plaintiff has filed a motion to amend the complaint to add Cindy K. as a defendant. Dkt. No. 28. He states that Cindy K. is defendant Smith's assistant. Id. The plaintiff's motion is nine pages long and describes the treatment for which he says Cindy K. violated his rights, but the plaintiff has not filed a complete proposed amended complaint, as required by the Local Rule. See Civil Local Rule 15(a) (E.D. Wis.) ("Any amendment to a pleading . . . must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."). Because the plaintiff has not complied with this

requirement, the court will deny without prejudice his motion to amend the complaint.[2]

## VI. Plaintiff's Motion for Certification of Class Action (Dkt. No. 37)

The plaintiff moves for certification of a class action and states that he is currently trying to secure counsel. Dkt. No. 37 at 1. The plaintiff states the class will be defined as all individuals currently incarcerated at Oshkosh, and all persons who will be incarcerated there in the future. Id. He contends that there is a systematic deficiency in dental care at Oshkosh and that the defendants were deliberately indifferent to his and other incarcerated individuals' dental needs. Id. at 3-4.

Under Fed. R. Civ. P. 23(a), a plaintiff can sue as a representative of or on behalf of parties only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. The court has allowed the plaintiff to proceed against the defendants in their individual capacities based on allegations regarding *his* dental care at Oshkosh. He has not met the requirements of Rule 23(a)—he has not shown that there are issues of law or fact common to all putative class members, or that his claims are typical of the claims or defenses of others at Oshkosh. Nor has he shown that he can fairly and adequately represent the interests of the putative class. Because the

---

[2] The court advises the plaintiff that if he files another motion to amend, he also must comply with Civil Local Rule 15(b), which states: "A motion to amend must state specifically what changes are sought by the proposed amendment. The proposed amended pleading must be file as an attachment to the motion to amend."

9

plaintiff has not satisfied the requirement of Rule 23(a), he can bring the claims only in his individual capacity and not on behalf of a class. The court will deny the plaintiff's motion to certify a class action.

## VII. Conclusion

The court **DENIES** the plaintiff's request for preliminary injunction. Dkt. No. 1.

The court **DENIES** the plaintiff's motion to alter or amend judgment. Dkt. No. 12.

The court **DISMISSES** defendant Mark Domrois based on the Suggestion of Death filed June 13, 2024. Dkt. No. 18.

The court **DENIES** the plaintiff's motion for entry of default. Dkt. No. 25.

The court construes defendant Vachet's August 22, 2024 letter as an answer to the complaint and **DIRECTS** the clerk's office to update the docket accordingly. Dkt. No. 32.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for leave to file amended complaint. Dkt. No. 28.

The court **DENIES** the plaintiff's motion for certification of class action. Dkt. No. 37.

Dated in Milwaukee, Wisconsin this 31st day of October, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**

10

Case 2:24-cv-00022-SCD    Filed 10/31/24    Page 10 of 10    Document 39